IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

MICHAEL YOUNG, et al,                    No C 04-0103 VRW

    Plaintiffs,                          ORDER

    v

MICHAEL FUCHS, et al,

    Defendants.
_____/

        Plaintiffs move pursuant to FRCP Rule 60(b) for relief from the court's February 25, 2005, order dismissing defendant Michael Fuchs (Fuchs) with prejudice. Doc #103 (Relief Mot); Doc #101 (Dismiss Order). Defendant Zurich American Insurance Company (Zurich) opposes. Doc #111 (Opp). For the reasons stated herein, the court concludes that it lacks jurisdiction to entertain plaintiffs' motion for Rule 60(b) relief and thus DENIES the motion.

//

//

I

On January 9, 2004, plaintiffs brought suit against Fuchs, former CEO of MyTurn.com (MyTurn), asserting claims for (1) fraud, (2) tortious interference with employment relationship, (3) breach of oral contract and (4) breach of fiduciary duty. Doc #1 (Compl). Plaintiffs also brought suit against defendant Zurich seeking a declaratory judgment that the Directors & Officers policy (the policy) issued by Zurich to MyTurn covered all of plaintiffs' claims asserted against Fuchs. Id. On December 9, 2004, plaintiffs filed a motion for summary judgment asserting that, as a matter of law, (1) Fuchs was liable for fraud and (2) the policy covered Fuchs' fraud liability. Doc #56. That same day, Zurich filed a cross-motion for summary judgment asserting that the policy did not cover the alleged employment wrongs perpetrated on plaintiffs by Fuchs. Doc #59.

On February 2, 2005, the court granted Zurich's motion, finding as a matter of law that there was no coverage under the policy for the employment wrongs allegedly committed by Fuchs. Doc #94 at 11-12. Moreover, the court denied plaintiffs' motion for summary judgment against Fuchs, finding genuine issues of material fact whether Fuchs (1) made misrepresentations to plaintiffs and (2) possessed the required fraudulent scienter. Id at 14-16. The court entered judgment for Zurich on February 7, 2005. Doc #95. Plaintiffs did not request that the judgment in favor of Zurich be entered pursuant to FRCP 54(b).

Despite the fact that their claims against Fuchs were ongoing, on February 8, 2005, plaintiffs filed a notice of appeal to the United States Court of Appeals for the Ninth Circuit

2

appealing the court's February 2, 2005, order granting summary judgment for Zurich.  Doc #96.  Apparently realizing that they could not appeal the February 2, 2005, order because it was not a "final decision" pursuant to 28 USC § 1291, on February 16, 2005, plaintiffs and Fuchs submitted to the court a stipulation of dismissal <u>with prejudice</u> of the remaining claims against Fuchs. Doc #97.  Plaintiffs' attorney, Michael Guta (Guta) claims that he told Fuchs that plaintiffs "would be willing to stipulate to dismissal of all of the FUCHS claims as long as [Guta] could be sure that Plaintiffs were not waiving [their] rights to appeal the Order granting summary judgment or the ability to prove FUCHS' liability if the appeal was successful."  Doc #105 (Guta Decl) at 2.  The stipulation, however, did not contain any such language. Pursuant to the parties' stipulation, the court dismissed the remaining claims against Fuchs with prejudice on February 22, 2005. Doc #101.  That same day the case was closed.

On March 17, 2005, Zurich filed a motion to dismiss plaintiffs' appeal in the Ninth Circuit "on the ground that plaintiffs, after filing notice of appeal, dismissed the underlying action against the insured [i e, Fuchs] and thereby rendered the appeal moot."  Opp at 1; Guta Decl, Ex F.  According to Zurich, because Fuchs can never be found liable for his alleged employment torts, Zurich can never be liable under the policy to compensate for Fuchs' alleged torts.

Zurich's motion to dismiss plaintiffs' appeal caused Guta to realize that he had made an egregious mistake in stipulating to dismiss with prejudice plaintiffs' claims against Fuchs. Accordingly, on April 13, 2005, Guta filed a "motion to vacate

3

1 [the] order dismissing defendant Michael Fuchs" pursuant to FRCP
2 60(b)(1).  Doc #104.
3        Rule 60(b)(1) grants district courts the power to
4 "relieve a party or a party's legal representative from a final
5 judgment, order, or proceeding for the following reason[]:
6 mistake, inadvertence, surprise, or excusable neglect * * *."  In
7 his declaration accompanying the motion for Rule 60(b)(1) relief,
8 Guta states:

> I agreed to the Stipulation without realizing its
> implications upon the appeal and the assertion of claims
> against FUCHS if the appeal was successful.  I should
> have given the matter additional time for consideration
> regardless of the short time frame.  FUCHS' counsel had
> threatened to file a motion seeking sanctions under Rule
> 11.  However, I take responsibility for the mistake and
> neglect.

Guta Decl at 3 ¶6.
Accordingly, Guta "request[s] the Court use its discretion to
vacate the dismissal on grounds of Plaintiffs' counsel's mistake,
surprise, or excusable neglect."  Relief Mot at 5.
        Zurich opposes the motion for Rule 60(b)(1) relief.  Doc
#111.  Zurich makes two arguments why the court should not grant
plaintiffs' motion for Rule 60(b) relief:  (1) the court has no
jurisdiction to rule on the motion and (2) even if the court has
jurisdiction, plaintiffs are not entitled to Rule 60(b) relief
based on Guta's failure to evaluate the implications of the
stipulation to dismiss Fuchs with prejudice.  Opp at 2.

                              III
        Zurich asserts that the court is without jurisdiction to
rule on plaintiffs' Rule 60(b)(1) motion because plaintiffs'

1  February 8, 2005, appeal divested the court of jurisdiction over
2  this case.  Opp at 2 (stating that "[t]he filing of a notice of
3  appeal divests the District Court of jurisdiction to enter an order
4  granting a motion to vacate a judgment under Rule 60(b) (citing
5  <u>Gould v Mutual Life Insurance Co of New York</u>, 790 F2d 769, 772 (9th
6  cir 1986)).

7        Plaintiffs counter that "if the Stipulation divested this
8  Court of jurisdiction to hear Plaintiffs' Rule 60(b) motion, it
9  also divested the Court of jurisdiction to enter the Order that
10 Plaintiffs seek to vacate."  Doc #113 (Reply) at 2.  And "assuming
11 this Court was divested of jurisdiction by the Notice Of Appeal, it
12 can correct [its] extra-jurisdictional act in dismissing [the
13 claims against Fuchs with prejudice]."  Id.

14       The court disagrees with both parties.  The order
15 granting summary judgment for Zurich and denying summary judgment
16 for plaintiffs was not a final, appealable order under 28 USC §
17 1291.  "A final judgment under § 1291 is 'a decision by the
18 District Court that ends the litigation on the merits and leaves
19 nothing for the court to do but execute the judgment.'"  <u>Dannenberg</u>
20 <u>v Software Toolworks, Inc</u>, 16 F3d 1073, 1074 (9th Cir 1994)
21 (quoting <u>Cooper & Lybrand v Livesay</u>, 437 US 463, 467 (1978)).  "It
22 is axiomatic that orders granting partial summary judgment, because
23 they do not dispose of all claims, are not final appealable orders
24 under section 1291."  Id (citation and internal quotation marks
25 omitted).  "As a result, parties ordinarily must obtain Rule 54(b)
26 certification in order to appeal partial summary judgments."  Id at
27 1075 (citing <u>Sierra Club v DOT</u>, 948 F2d 568, 571-72 (9th Cir
28 1991)).

5

The court's February 2, 2005, order did not end this litigation on the merits; it simply removed Zurich from the litigation. Because the February 2, 2005, order was not a final judgment, it could not be appealed pursuant to § 1291 and thus plaintiffs' improper notice of appeal filed on February 8, 2005, did not divest the court of jurisdiction over this action. Ruby v Secretary of the United States Navy, 365 F2d 385, 389 (9th Cir 1966) ("Where the deficiency in a notice of appeal, by reason of * * * reference to a non-appealable order, is clear to the district court, it may disregard the purported notice of appeal and proceed with the case, knowing that it has not been deprived of jurisdiction."). Accord Bensalem Township v Int'l Surplus Lines Ins Co, 38 F3d 1303, 1314 (3d Cir 1994) ("[A] premature notice of appeal does not divest the district court of jurisdiction. * * * [D]istrict courts should continue to exercise their jurisdiction when faced with clearly premature notices of appeal." (emphasis in original) (citation and internal quotation marks omitted)).

Accordingly, this court did not commit an extra-jurisdictional act in dismissing Fuchs with prejudice pursuant to the February 16, 2005, stipulation.

But this fact does not mean that the court currently has jurisdiction over this action. The Ninth Circuit "take[s] a pragmatic approach to finality in situations where events subsequent to a nonfinal order fulfill the purposes of the final judgment rule." Dannenberg, 16 F3d at 1075. Specifically, "'judgments whose finality would normally depend upon a Rule 54(b) certificate may be treated as final [and appealable under § 1291] if remaining claims subsequently have []been finalized.'" Id

1  (quoting Baker v Limber, 647 F2d 912, 916 (9th Cir 1981)
2  (alterations in original)).
3         In Unioil, Inc v E F Hutton & Co, Inc, 809 F2d 548
4  (1986), the Ninth Circuit found that it had appellate jurisdiction
5  on virtually indistinguishable facts from the facts at bar.  In
6  Unioil, an article in the *Wall Street Journal* reported that
7  defendants, professional investing brokerage houses, were selling
8  Unioil, Inc (Unioil) stock "short" (i e, selling for future
9  delivery stock that they did not yet own) in the belief that the
10 stock was overvalued.  Id at 552.  The article also disclosed that
11 Unioil's chairman of the board, Richards, had twice been cited by
12 the SEC for making false and misleading statements.  Id.  Following
13 the publication of the article, the price of Unioil stock
14 plummeted.  Id.  On March 21, 1984, Unioil and Richards, along with
15 Unioil shareholders Mark Zelezny (Zelezny) and Heck & Heck, Inc
16 (H&H) filed suit alleging defendants had schemed to sell Unioil
17 stock "short" in violation of federal and state law.  Additionally,
18 Unioil and Richards alleged that defendants had defamed them.  Id.
19 Zelezny and H&H purported to bring suit on behalf of a class of all
20 other Unioil shareholders.  Id.  The putative class of shareholders
21 were represented by Joseph L Alioto of the law firm of Alioto &
22 Alioto and Donald Barton of Donaldson & Barton.  Id at 551.
23        After revelations about the way Alioto and Barton
24 initiated the class action, Alioto and Barton announced that
25 Zelezny and H&H would voluntarily dismiss the class action without
26 prejudice.  Id at 533.  In a June 1985 order, the district court
27 dismissed H&H's and Zelezny's individual and class claims without
28 prejudice under FRCP 41(a)(2) on the condition that H&H and Zelezny

7

or their counsel – Alioto and Barton-- reimburse defendants $165,774.84 for their costs and expenses, including attorneys fees. Id. The court also imposed $294,141.10 in Rule 11 sanctions against Alioto. Id. Zelezny and H&H, along with Alioto and Barton appealed the court's June 1985 order conditioning voluntary dismissal on the payment of defendants' fees. Id. Alioto appealed the imposition of Rule 11 sanctions. Id. It is important to note, however, that at the time of this appeal in 1985, Unioil and Richards' claims against defendants were still pending. In an order entered in March 1986, the district court dismissed Unioil's and Richard's individual claims <u>with prejudice</u> for failure to prosecute. Id.

Before addressing the merits of the appeal by Zelezny, H&H, Alioto and Barton of the court's June 1985 order, the <u>Unioil</u> panel stated: "We must address sua sponte whether we have jurisdiction over this appeal." Id. The panel began by noting that, absent a Rule 54(b) judgment, the June 1985 interlocutory order would not be appealable. Id (stating that the June 1985 order was non-appealable because "it was entered at a time when the claims of Unioil and Richards remained to be decided by the district court."). The panel went on to state:

> In <u>Anderson v Allstate Insurance Co</u>, 630 F2d 677 (9th Cir 1980), however, we described an exception to the finality rule:  [W]e held that we may treat an interlocutory order as a final order when that portion of the case that remained in the district court has subsequently been terminated.  [citation omitted]. <u>Because Unioil's and Richard's claims have since been dismissed with prejudice</u>, we may, under <u>Allstate</u>, disregard the fact that they previously rendered the district court's order interlocutory."

Id (emphasis added).

1  As in <u>Unioil</u>, the remaining claims against Fuchs have since been
2  dismissed with prejudice, and thus it appears that the Ninth
3  Circuit, in its discretion, could exercise appellate jurisdiction
4  over plaintiffs' appeal of the court's February 2, 2005,
5  interlocutory order granting summary judgment in favor of Zurich.
6  　　　　　Accordingly, because the Ninth Circuit has exercised
7  appellate jurisdiction on facts virtually indistinguishable from the
8  facts of this case, the court concludes that the February 22, 2005,
9  dismissal of Fuchs with prejudice perfected plaintiffs' February 8,
10 2005, appeal and thus this court is without jurisdiction to
11 entertain plaintiffs' Rule 60(b) motion for relief.

13 　　　　　　　　　　　　　　　　　IV
14 　　　　　Plaintiffs state that "if this Court finds it does not
15 have jurisdiction [over the Rule 60(b) motion], Plaintiffs ask the
16 []court to indicate whether it wishes to entertain or grant the
17 motion." Reply at 9. This is the correct procedure in the Ninth
18 Circuit. See <u>Gould</u>, 790 F2d at 772 ("The proper procedure, once an
19 appeal has been taken, is to 'ask the district court whether it
20 wishes to entertain the [Rule 60(b)] motion, or to grant it, and
21 then move this court, if appropriate, for remand of the case.'")
22 (quoting <u>Scott v Younger</u>, 739 F2d 1464, 1466 (9th Cir 1984)).
23 　　　　　Moreover, the Ninth Circuit has stayed plaintiffs' appeal
24 pending an order by this court regarding the present motion, and
25 thus it appears the Ninth Circuit is likewise interested whether
26 this court wishes to entertain or grant plaintiffs' Rule 60(b)
27 motion.
28 //

1 The court will end the suspense and inform plaintiff and
2 the Ninth Circuit that it does not wish to entertain or grant
3 plaintiffs' Rule 60(b) motion.  See Engleson v Burlington Northern
4 Railroad Co, 972 F2d 1038, 1043 (9th Cir 1992) ("Neither ignorance
5 nor carelessness on the part of the litigant or his attorney provide
6 grounds for relief under Rule 60(b)(1)."). To characterize Guta's
7 actions in agreeing to dismiss Fuchs with prejudice as "careless"
8 would be an understatement.

9 The Second Circuit's decision in Nemaizer v Baker, 793 F2d
10 58 (2d Cir 1986) is directly on point.  In Nemaizer, plaintiff's
11 counsel agreed to a stipulation dismissing with prejudice
12 plaintiff's entire cause of action against defendant.  Id at 60
13 (noting that the stipulation agreed to dismiss "the action" with
14 prejudice; no limitations were contained in the stipulation).
15 Plaintiff's counsel then moved the district court for Rule 60(b)
16 relief arguing that he intended only to stipulate to dismiss with
17 prejudice plaintiff's state law claims, not plaintiff's potential
18 federal claims under ERISA.  Id at 60.  The district court granted
19 the motion, concluding that a "genuine misunderstanding had occurred
20 concerning the stipulation's scope."  Id.

21 The Second Circuit reversed, holding that the district
22 court had abused its discretion in granting Rule 60(b) relief.  The
23 Second Circuit explained:  "[A]n attorney's failure to evaluate
24 carefully the legal consequences of a chosen course of action
25 provides no basis for relief from a judgment."  Id at 62.
26 Accordingly, "[t]he legal consequences of a stipulation incorporated
27 in a court order may not be undone simply because, with the benefit
28 of hindsight, stipulating turns out to have been an unfortunate

10

1  tactic." Id at 59-60.

2  　　　　It is clear that Guta hastily agreed to dismiss Fuchs with
3  prejudice to avoid a Rule 11 motion from Fuchs' counsel.  Moreover,
4  such a stipulation made sense, for Guta made clear at oral argument
5  that plaintiffs are only interested in (indeed are limited to)
6  recovering from Zurich.  Guta, however, did not evaluate carefully
7  the legal consequences this stipulation would have on plaintiffs'
8  appeal in the Ninth Circuit.  Now, with the benefit of hindsight and
9  thoughtful reflection, Guta wishes to undo his deliberate -- and
10 ultimately unfortunate -- actions.  This is not the purpose of Rule
11 60(b).

13 　　　　　　　　　　　　　　　　V

14 　　　　In sum, the court DENIES plaintiffs' motion for Rule 60(b)
15 relief on the ground that the court does not have jurisdiction to
16 entertain the motion.  Moreover, pursuant to Gould, the court does
17 not wish to entertain or grant such a motion.

19 　　SO ORDERED.

22 　　　　　　　　　　　　　　　　VAUGHN R WALKER
23 　　　　　　　　　　　　　　　　United States District Chief Judge

11